PATTISON et al. v. HINES.

(Supreme Court, Appellate Division, Third Department.  May 9, 1905.)

1. VENUE—CHANGE—REVIEW.
    An order changing the place of trial will not be disturbed on appeal unless an abuse of discretion or palpable error appears.

2. SAME—DISCRETION OF TRIAL COURT—PROPRIETY OF ORDER.
    Where it appeared on a motion for an order changing the place of trial to the county where defendant resided that a larger number of witnesses resided there than in the other county, there was no abuse of discretion in granting the motion.
    [Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Venue, §§ 76, 77.]

Appeal from Special Term, Rensselaer County.

Action by Edward A. Pattison and another against Bridget A. Hines.  Appeal by plaintiffs from an order changing the place of trial.  Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Pattison & Wilson, pro se.
Paul K. Clymer, for respondent.

CHASE, J.  The plaintiffs are lawyers having their office at Troy, N. Y.  One of the plaintiffs resides in Rensselaer county, and one in Saratoga county.  The defendant resides in Tompkins county.  On the 5th day of June, 1904, defendant was injured at Ithaca in a collision between cars of the Ithaca Street Railway Company.  The defendant was employed for many years prior to the accident in the family of the parents of the wife of one of the plaintiffs at Ithaca, and after her injury there was a correspondence between the plaintiffs and the defendant, which resulted in an agreement by which the plaintiffs agreed to prosecute her claim against the Ithaca Street Railway Company for damages sustained by her by said collision, at a compensation to them stated in the agreement.  On the 31st day of October, 1904, one of the plaintiffs went from Troy to Ithaca, and a written memorandum of agreement was then signed by the defendant.  The plaintiffs then entered upon the duties required of them by said agreement, and did work and performed services pursuant to said agreement which resulted early in December, 1904, in an agreement between the street railway company and the defendant for a settlement of the defendant's claim against said street railway company.  A few days thereafter plaintiffs received a letter from the defendant saying that she thought the fees and percentage she had agreed to pay them were outrageously large, and a few days after such letter the plaintiffs received a further letter from the defendant by which she withdrew her claim from the plaintiffs, and discharged them as her attorneys.  Plaintiffs then sent the defendant a bill for the amount claimed by them under said written agreement, and in reply thereto they received a letter from the attorney for the street railway company in which he stated that the plaintiffs were taking advantage of

their client, and further stated that he had been retained by the defendant, and offering the plaintiffs a very much less sum for their services and disbursements. After some further correspondence this action was brought to recover for their services and disbursements under said agreement. An answer was interposed on behalf of the defendant by the attorney for said street railway company, in which she admitted the making of the contract, the withdrawal of the claim from the plaintiffs' possession, and also that no part of the sum alleged to be due had been paid, and denied the other allegations of the complaint. The answer also affirmatively alleged that at the time said written contract was made the defendant was mentally unbalanced, physically very weak, and totally incompetent to perform any acts involving the exercise of judgment; that said agreement was not understood or comprehended by the defendant; and that the same was prejudicial to her true interests; and asked for the dismissal of the complaint. This motion was then made to change the place of trial from the county of Rensselaer to the county of Tompkins. An order was made changing the place of trial, from which order this appeal is taken.

It is unnecessary to go into a detailed statement of the affidavits read on the motion, but it appears from them that the accident in which the defendant was injured, and to recover damages for which the agreement was entered into between the parties to this action, occurred in the county of Tompkins. The defendant, so far as appears from the record, was never in the county of Rensselaer, and all evidence relating to her injuries and her physical and mental condition at the time of the correspondence and the execution of the written agreement must necessarily be obtained largely from people residing within the county of Tompkins. Plaintiffs' services in investigating the defendant's claim against the street railway company and in preparing for the possible litigation to arise therefrom, except so far as it was done in and from the plaintiffs' office, were performed in the county of Tompkins. The order was granted by the court at Special Term, and a large discretion is vested in such court, that cannot be disregarded unless abused, or unless it is clear that it resulted from a palpable error. It is evident from the record that, apart from parties and their employés, and such experts as can only answer hypothetical questions relating to the value of the plaintiffs' services, or the physical and mental condition of the defendant, a larger number of witnesses reside in Tompkins county than in Rensselaer county.

We do not find from the order, or anything that appears in the record, that the technical objections to the defendant's papers were made at the Special Term or at any time prior thereto.

The order should be affirmed, with $10 costs and disbursements. All concur.